UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

KATHLEEN BUCKLEY

        Plaintiff,

v.                                Civil Action No. 09-3162 (JAP)

POWER WINDOWS & SIDING, INC.,
et al.

                                     **OPINION**

        Defendants.

PISANO, District Judge.

This is a diversity action in which plaintiff, Kathleen Buckley ("Plaintiff") alleges violations of New Jersey's Law Against Discrimination ("LAD") and common law claims of intentional and negligent emotional distress against Power Window & Siding, Inc. ("Power Windows"), Jeffrey Kaliner, Adam Kaliner and Robert Borislow (collectively, "Defendants"). Presently before the Court is a motion by Defendants to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike certain allegations pursuant to Rule 12(f). For the reasons below, Defendant's motion is granted as to Plaintiff's age discrimination claim, and denied in all other respects.

## I. Background[1]

Plaintiff, who at all times relevant to this action was over 40 years old and a lesbian, was employed by Power Windows between 1999 and 2008. Power Windows, a Pennsylvania

---

[1] In addressing a motion to dismiss, the Court must accept as true the allegations contained in a complaint. *See Toys "R" US, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003); *Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1301 (3d Cir. 1996). Accordingly, the facts recited herein are taken from the First Amended Complaint unless otherwise indicated and do not represent this Court's factual findings.

corporation, had its principal place of business located in Brookhaven, Pennsylvania. Notice of Removal ¶ 9. Defendant Jeffrey Kaliner was the CEO and co-owner of the company, as well as Plaintiff's direct supervisor. Defendant Adam Kaliner was CFO and co-owner of the company, while defendant Robert Borislow was Senior Vice President of Operations.

Plaintiff began her employment with Power Windows in 1999 as a telemarketer. At that time Plaintiff was a Delaware resident. In 2003 she became Direct of Events, and was responsible for organizing and promoting offsite home shows, in-store demonstrations and other events throughout New Jersey, Pennsylvania, Delaware and Maryland. She was responsible for managing a team of employees who worked at these offsite locations.

In 2005, Plaintiff "was instrumental" in opening Power Windows' Cherry Hill, New Jersey office, and used this office as her "base office" until it closed at an unspecified date. First Amended Complaint ("FAC", also referred to herein as the "complaint") ¶ 22. In 2007, Plaintiff became a resident of New Jersey. In 2008, Plaintiff was again "instrumental" in opening up another Power Windows office in New Jersey (at an unspecified location), which she used as her base office until the time of her termination. *Id.* ¶ 27. Thereafter, Plaintiff worked approximately 4 days per week at a New Jersey office. *Id.* ¶ 28.

Plaintiff alleges that throughout the course of her employment, Jeffery Kaliner, Adam Kaliner and Robert Borislow "engaged in behavior against the Plaintiff which was harassing and discriminatory towards the Plaintiff on the basis of her age, gender, and sexual orientation on a continuing and recurring basis and created a hostile environment to the Plaintiff." *Id.* ¶ 29. By way of example, Plaintiff alleges that Jeffry Kaliner "would frequently comment on her flat chest, saying that all she has are nipples and that he know it[']s true because he had looked down

her shirt when she bent over." *Id.* ¶ 49.  The complaint details several other instances of behavior that Plaintiff alleges was harassing and discriminatory.

Count I of the complaint alleges that Plaintiff was subjected to a hostile work environment in violation of the LAD.  She alleges she suffered intentional harassment because of her age, gender and sexual orientation in violation of the LAD, and Defendants knew of, aided and abetted, and participated in such harassment.  Counts II, III, and IV allege gender discrimination, sexual orientation discrimination, and age discrimination, respectively, in violation of the LAD.  Count V alleges that Defendants violated the LAD because they retaliated against her for lodging complaints of discrimination.  Counts VI and VII are claims of intentional and negligent infliction of emotional distress.

Defendants have moved to dismiss the complaint.  First, Defendants argue that Pennsylvania law applies to Plaintiff's discrimination and retaliation claims and Plaintiff has not exhausted her administrative remedies as required under that law.  Second, Defendants assert that "any allegations of conduct occurring prior to May 28, 2007 are barred by the two-year statute of limitations" and therefore should be stricken under Rule 12(f).  Def. Brf. at 21.  Third, Defendants assert that Plaintiff's claims are conclusory and fail to meet the pleading standards as set forth in *Twombly* and *Iqbal*.  Last, Defendants argue that Plaintiff's claims for intentional and negligent infliction of emotional distress fail to state a claim under either Pennsylvania or New Jersey law.

II.     Analysis

A.      Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  The Supreme Court

refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* at 555 (internal citations omitted); *see also Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir.2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]." (internal quotation marks omitted)). Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact) ..." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 2009 WL 2501662, *5 (3d Cir. August 18, 2009) (citations omitted).

B.	Discrimination and Retaliation Claims - Choice of Law

Defendants argue that under the appropriate choice of law analysis, Pennsylvania's Human Relations Act, 43 P.S. § 955, *et seq.* ("PHRA"), is applicable to Plaintiff's discrimination and retaliation claims and not New Jersey's LAD. Defendants further argue that Plaintiff's claims fail under the PHRA because Plaintiff has not exhausted her administrative remedies as required by the statute.

A federal court sitting in diversity jurisdiction must determine which state's substantive law applies to the dispute. *Berg Chilling Systems, Inc. v. Hull Corp.*, 435 F.3d 455, 462 (3d Cir. 2006). This determination is made under the choice of law rules of the state in which the court sits. *Kaneff v. Delaware Title Loans, Inc.*, 587 F.3d 616, 621 (3d Cir. 2009). Therefore, in the present case, the Court must apply New Jersey's governmental-interest analysis in order to determine whether New Jersey or Pennsylvania law applies to Plaintiff's discrimination and retaliation claims. However, the Third Circuit has noted that New Jersey's governmental-interest approach "is fact intensive: 'Each choice-of-law case presents its own unique combination of facts-the parties' residence, the place and type of occurrence and the specific set of governmental interest-that influence the resolution of the choice-of-law issue presented.' " *Warriner v. Stanton*, 475 F.3d 497, 500 (3d Cir. 2007) (quoting *Erny v. Estate of Merola*, 171 N.J. 86, 108, 792 A.2d 1208 (2002). Because the analysis is fact intensive, "it can be inappropriate or impossible for a court to conduct that analysis at the motion to dismiss stage when little or no discovery has taken place." *Mutual Pharmaceutical Co., Inc. v. Watson Pharmaceuticals, Inc.*, 2010 WL 446132 (D.N.J. 2010) (citing *Harper v. LG Elecs. United States, Inc.*, 595 F.Supp.2d 486, 490-91 (D.N.J.2009)). The Court finds that to be the situation here.

As Defendants note, "[e]mployment cases which straddle state lines can involve several different states, including the state of the employee's residence, the state where the employee works, the state where the employer's headquarters is located, the state where the employer does business, and the state where the alleged discrimination occurred." *Satz v. Taipina*, 2003 WL 22207205, at *16 (D.N.J. 2003). "Generally, though, regardless of the number of states involved, New Jersey courts have applied the law of the state where the employee works to claims of workplace discrimination." *Id.* Here, Plaintiff alleges in the complaint – allegations that the Court must take as true for the purposes of this motion – that she, a least during a portion of her employment with Power Windows, was employed in New Jersey. *See, e.g.,* FAC ¶ 22 ("In 2005, Plaintiff was instrumental in opening Defendants' Cherry Hill Office, which she used as her base office, until it subsequently closed.") and ¶ 28 (stating that Plaintiff worked in Cherry Hill office 4 days per week). Defendants dispute those contentions. *See*, *e.g.*, Def. Brf. at 20, 21)[1]  Thus, the Court finds resolution of the choice of law issue to be premature at the motion to dismiss stage. The issue would be more appropriately addressed in the context of a summary judgment motion after discovery on the issue has taken place.

C.      Statute of Limitations

A two-year statute of limitations applies to claims under the LAD and to the common law claims asserted by Plaintiff. *See Montells v. Haynes*, 133 N.J. 282, 286, 627 A.2d 654 (1993) (LAD claims); N.J.S.A. 2A:14-2 (tort claims). As such, Defendants assert that "all allegations regarding conduct occurring prior to May 28, 2007 should be stricken from the Complaint" under Rule 12(f). Def. Brf. at 22. However, Defendants' argument, which is hardly more than a

---

[1] In support of their motion, Defendants submit an Affidavit of Jeffrey Kaliner that, among other things, disputes Plaintiff's allegations that she worked in New Jersey. Such an affidavit is inappropriate on a Rule 12(b)(6) motion and has not been considered by the Court. "As a general rule, the court may only consider the pleading which is attacked by an FRCP 12(b)(6) motion in determining its sufficiency." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

few sentences, fails to identify which particular claims are allegedly out of time and when those claims accrued. Rather, Defendants ask the Court to strike, in a blanket fashion, any allegation concerning conduct that occurred more than two years before Plaintiff filed her complaint. Significantly, such a request ignores the potential application of "continuing violation theory," which provides that "when an individual experiences a continual, cumulative pattern of tortious conduct, the statute of limitations does not begin to run until the wrongful action ceases." *Roa v. Lafe*, 200 N.J. 555, 566, 985 A.2d 1225, 1231 (2010) (quotations omitted). Defendants having not established that any claims are out of time or that any material should be stricken, their motion is denied.

D.  Application of *Twombly* and *Iqbal* Standard

Defendants contend that Plaintiff has failed to sufficiently plead her LAD claims and that such claims are vague and conclusory. In particular, Defendants allege that Plaintiff's LAD claims should be dismissed because Plaintiff has "failed to plead a *prima facie* case under the NJLAD." Def. Brf. 23. However, the Supreme Court has expressly held that an employment discrimination plaintiff does not need to plead facts sufficient to establish a *prima facie* case of discrimination. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510, 515, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (stating that *prima facie* elements of employment discrimination claim are an evidentiary standard and not a pleading requirement). Rather, a plaintiff claiming employment discrimination need only plead facts sufficient to meet the standard of Federal Rule of Civil Procedure 8(a), under which a pleading must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Id.* at 512.

Applying the appropriate standard, the Court finds that only Plaintiff's age discrimination claim fails to state a claim. Under *Iqbal*, for a claim to survive a motion to dismiss, the

complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Here, the only allegations contained in the complaint that could be construed to relate to Plaintiff's age discrimination claim are the following assertions: (1) at all relevant times Plaintiff was over 40 years old and "[b]ased on her age, Plaintiff was a member of a protected class." FAC ¶ 11, 99 (2) Defendants "engaged in behavior which was harassing and discriminatory towards Plaintiff on the basis of her age…."; FAC ¶ 29; (3) "Plaintiff suffered intentional harassment because of her age …" that would not have occurred but for her age; FAC ¶ 69-70 and (4) Defendants' alleged "discriminatory conduct was based upon Plaintiff's age. These "naked assertion[s]" devoid of "further factual enhancement" and legal conclusions are insufficient to state a claim. *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Plaintiff's claim for age discrimination, therefore, will be dismissed. Because Plaintiff has previously been given the opportunity to amend her claims in response to a motion by Defendants, *see* Order at docket entry no. 16, and Plaintiff has still failed to state an age discrimination claim, the Court concludes that further leave to amend would be futile and shall not be granted.

E.    Tort Claims

Defendants allege that dismissal of Plaintiff's claims of intentional and negligent infliction of emotional distress is warranted for several reasons. Defendants contend: (1) both are preempted by Plaintiff's statutory claims regardless of whether New Jersey or Pennsylvania law applies; (2) the alleged conduct is not sufficiently extreme and outrageous to support a claim of intentional infliction of emotional distress; (3) the alleged emotional distress is insufficient to

support a claim for both intentional and negligent infliction of emotional distress; (4) Plaintiff's claim for negligent infliction of emotional distress is barred by New Jersey's Worker's Compensation Act.    The Court notes that, contrary to Defendants' argument, New Jersey and Pennsylvania law appear to differ on several of the issues raised.  For example, with regard to Defendants' preemption argument, compare *Metzler v. American Transp. Group, L.L.C.*, No. 07-2066, 2008 WL 413311, * 4 (D.N.J. February 13, 2008) (finding intentional and negligent infliction of emotional distress claims are preempted by New Jersey's LAD) (citing N.J.S.A. § 10:5-3; *Catalane v. Gilian Instrument Corp.*, 271 N.J. Super. 476, 492, 638 A.2d 1341 (App. Div. 1994)) with *Eubanks v. Wegman's Food Markets, Inc.*, No. 06-696, 2006 WL 2504099 * 3-4, (M.D. Pa. August 28, 2006) ("Plaintiff's common-law claim for [intentional infliction of emotional distress] is not necessarily barred by his PHRA [Pennsylvania Human Relations Act] claims.").  Compare also *Colello v. Bayshore Community Health Services*, 2010 WL 1753164 *15 (N.J. Super. App. Div., April 28, 2010) (New Jersey "courts have held that demeaning and discriminatory behavior in the work environment, particularly in the employer-employee context, may weigh in favor of extreme and outrageous conduct.") (citing *Taylor v. Metzger*, 152 N.J. 490, 512, 706 A.2d 685 (1998)) with *Hoy v. Angelone*, 554 Pa. 134, 720 A.2d 745, 754 (1998) (Under Pennsylvania law, "it is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress" and is limited to those circumstances where an employer engaged in both sexual harassment and retaliatory behaviors against and employee) (quoting *Cox v. Keystone Carbon*, 861 F.2d 390, 395 (3d Cir. 1988)).  As such, resolution of the motion would require a choice of law analysis that neither party has briefed with regard to these claims, and which, as discussed above, the Court has found to be premature at the motion to

dismiss stage in this case.  As such, Defendants' motion with respect to Plaintiff's tort claims is denied.

### III.     Conclusion

For the reasons above, Defendants' motion to dismiss is granted as to Plaintiff's age discrimination claim.  Defendants motion is denied in all other respects.  An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated:  October 7, 2010